134. The money in equity and good conscience should be paid to Plaintiffs and the Plaintiff Class, who have a better legal and equitable right and claim to the money. The Tobacco Settlement Act provides a specific method by which funds must be distributed to hospitals. Defendants received millions of dollars in extraordinary expense reimbursements that do not belong to them and that ought to be paid instead to Plaintiffs and the Plaintiff Class. The injustice is particularly acute in light of the purpose of the Extraordinary Expense program, the fact that Plaintiffs and the Plaintiff Class are hospitals that would use the money for the benefit of Pennsylvanians and the Commonwealth's healthcare system, the fact that Defendants have effectively admitted that they are not entitled to the overpayments, and the fact that Defendants submitted their invalid and overstated extraordinary expense claims deliberately, knowing they were false, and with reckless disregard as to their truth or falsity.

135. Plaintiffs, the Plaintiff Class, and the Commonwealth reasonably relied on the conduct and assertions of Defendants in allocating to Defendants a greater pro rata share of the EE fund than Defendants are entitled to.

136. The submission of the incorrect and overstated EE Program claims was deliberate and fraudulent, but in the alternative, it was unintentional, accidental, and negligent. Defendants are liable under this Count even if their actions were not knowing or intentional, or did not amount to fraud.

137. Recovery by Plaintiffs and the Plaintiff Class leaves all parties concerned in the position the Tobacco Settlement Act contemplated they should be in.

138. Plaintiffs and the Plaintiff Class have been directly and proximately injured as a result of and at the expense of Defendants' unjust enrichment.

139. Plaintiffs and the Plaintiff Class have no adequate remedy at law.

## COUNT FOUR — MONEY HAD AND RECEIVED

**Against Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania**

140. Plaintiffs incorporate by reference the allegations in paragraphs 1–139.

141. Defendants Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania have in their possession money which in equity and in good conscience belongs to and ought to be paid to Plaintiffs and the Plaintiff Class.

142. Defendants have in their possession money that has been wrongfully diverted from its proper use by Plaintiffs and the Plaintiff Class, and has instead fallen into the hands of a third person, Defendants, who, in equity and good conscience, have an inferior right to that money.

143. The money had and received constitutes the approximately $9 million by which Defendants have been overpaid from the EE Program fund from Fiscal Years 2010 to 2012, in violation of the law, and which money was and remains in Defendants' possession.

144. Defendants have converted public money that they knew or should have known the payment of which to them was improper.

145. Defendants received from the Commonwealth of Pennsylvania, and are in possession of money they received from the Commonwealth of Pennsylvania, which they are not entitled to keep and which in equity and in good conscience should be paid to Plaintiffs and the Plaintiff Class in accordance with principles of natural justice. The Tobacco Settlement Act provides a specific method by which funds must be distributed to hospitals. Defendants received millions of dollars in extraordinary expense reimbursements that do not belong to them and that ought to be paid instead to Plaintiffs and the Plaintiff Class. The injustice is particularly acute in light of the purpose of the Extraordinary Expense program, the fact that Plaintiffs and the Plaintiff

Class are hospitals that would use the money for the betterment of Pennsylvanians and the Commonwealth's healthcare system, the fact that Defendants have effectively admitted that they are not entitled to the overpayments, and the fact that Defendants submitted their invalid and overstated extraordinary expense claims deliberately, knowing they were false, and with reckless disregard as to their truth or falsity.

146. The money was paid to Defendants by mistake or under compulsion, due to Defendants' submission of inaccurate and overstated claims, and in return for insufficient consideration from Defendants. The Commonwealth of Pennsylvania paid the money to Defendants based on the erroneous belief that Defendants' claims were accurate and not overstated, and in reliance upon Defendants' submission of false and inflated claims.

147. The submission of the incorrect and overstated EE Program claims was deliberate and fraudulent, but in the alternative, it was unintentional, accidental, and negligent. Defendants are liable under this Count even if their actions were not knowing or intentional, or did not amount to fraud.

148. Defendants were aware and had actual or constructive knowledge when they received the money, and they are currently aware and have actual or constructive knowledge, that the money was procured and retained by mistake, false pretenses, and by fraudulent means.

149. It would be inequitable, unjust, and unconscionable to allow Defendants to retain the overpayments.

150. Recovery by Plaintiffs and the Plaintiff Class leaves all parties concerned in the position the Tobacco Settlement Act contemplated they should be in.

151. Plaintiffs and the Plaintiff Class have been directly and proximately injured as a result of Defendants' retention of the money they have wrongly received.

152. Plaintiffs and the Plaintiff Class have no adequate remedy at law.

**COUNT FIVE — CONSTRUCTIVE TRUST**

**Against Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania**

153. Plaintiffs incorporate by reference the allegations in paragraphs 1–152.

154. Defendants Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania hold title to the money by which they have been overpaid subject to an equitable duty to convey it to Plaintiffs and the Plaintiff Class because Defendants would be unjustly enriched if they were permitted to retain those funds.

155. The specific trust *res* consists of the approximately $9 million by which Defendants have been overpaid pursuant from the EE Program fund from Fiscal Years 2010 to 2012, and which *res* was and remains in Defendants' possession.

156. Defendants obtained the trust *res* by taking advantage of their relationship with Plaintiffs, the Plaintiff Class, and the Commonwealth of Pennsylvania.

157. Plaintiffs have demanded payment from Defendants of the money they hold in constructive trust, but Defendants have refused to release the funds to Plaintiffs or the Plaintiff Class.

158. The necessity for the imposition of a constructive trust arises from the circumstances of this case—i.e., the conduct set forth above by which Defendants submitted false claims to the EE Program and then wrongfully retained the overpayments—which evidence fraud, duress, undue influence, mistake, abuse of a confidential relationship, and other such circumstances suggesting unjust enrichment.

159. Plaintiffs, the Plaintiff Class, and the Commonwealth reasonably relied on the conduct and assertions of Defendants in allocating to Defendants a greater pro rata share of the EE fund than Defendants are entitled to.

160. The submission of the incorrect and overstated EE Program claims was deliberate and fraudulent, but in the alternative, it was unintentional, accidental, and negligent. Defendants are liable under this Count even if their actions were not knowing or intentional, or did not amount to fraud.

161. Defendants have been unjustly enriched for the reasons set forth in this complaint and because they have failed to discharge their equitable duty to convey the funds to Plaintiffs and the Plaintiff Class.

162. The imposition of a constructive trust is necessary to prevent unjust enrichment.

163. Plaintiffs and the Plaintiff Class have been directly and proximately injured as a result of Defendants' violation of their equitable duty to convey the funds to Plaintiffs and the Plaintiff Class.

164. Plaintiffs and the Plaintiff Class have no adequate remedy at law.

## JURY DEMAND

165. Plaintiffs, on behalf of themselves and the Plaintiff Class, hereby demand a jury on all claims so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek relief and demand judgment against Defendants as follows:

A. Determining that this action may proceed as a class action, pursuant to Fed. R. Civ. P. 23;

B. Designating Plaintiffs as the class representatives for the Plaintiff Class;

C. Designating Plaintiffs' undersigned counsel as counsel for the Plaintiff Class;

D. Ordering John Doe 1 and John Doe 2 to pay Plaintiffs and the Plaintiff Class treble damages for all injuries Plaintiffs and the Plaintiff Class have incurred to their business and property as a result of the acts of racketeering activity detailed above as authorized by 18 U.S.C. § 1964(c);

E. Ordering Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania to pay Plaintiffs and the Plaintiff Class damages for all injuries Plaintiffs and the Plaintiff Class have incurred to their business and property as a result of the Defendants' unjust enrichment, improper retention of money had and received, and violation of their equitable duty to convey funds to Plaintiffs and the Plaintiff Class;

F. Awarding Plaintiffs and the Plaintiff Class prejudgment interest, at the rate of 6% per annum, to Plaintiffs and the Plaintiff Class, on a joint and several liability basis against Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania;

G. Declaring Defendants' submission of invalid, incorrect, and overstated claims to the EE Program, and retention of any overpayments resulting from such claims, to be unlawful;

H. Enjoining Defendants from retaining any further overpayments they may receive pursuant to disbursements under the EE Program;

I. Awarding Plaintiffs and the Plaintiff Class attorneys' fees, cost and disbursement incurred as a result of this action, including but not limited to fees and costs under 18 U.S.C. § 1964(c);

J. Imposing a constructive trust upon the general funds of Lancaster General Hospital, Lancaster General Health, the University of Pennsylvania Health System, and the Trustees of the University of Pennsylvania, and ordering disgorgement of such funds, in an amount to be determined, for distribution in satisfaction of damages and other amounts awarded to Plaintiffs and the Plaintiff Class; and

K. Granting Plaintiffs and the Plaintiff Class such other and further relief as the Court deems just and proper.

Dated: May 22, 2018

Respectfully submitted,

s/ David H. Thompson
David H. Thompson*
Brian Barnes*
William C. Marra*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

Douglas J. McGill
Attorney Identification No. 63706
*Attorney of Record*
WEBBER MCGILL LLC
760 Route 10, Suite 104
Whippany, NJ 07981
Tel: (973) 739-9559
Fax: (973) 739-9575
dmcgill@webbermcgill.com

* *Pro hac vice application forthcoming*

*Attorneys for Plaintiffs*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; et al.

**(b)** County of Residence of First Listed Plaintiff Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Douglas J. McGill, Esq.,Webber McGill LLC, 760 Route 10, Suite 104, Whippany, New Jersey 07981, 973-739-9559

## DEFENDANTS

Lancaster General Hospital; et al.

County of Residence of First Listed Defendant Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 18 U.S.C. 1962(c) & (d)

Brief description of cause: Recovery for overstated claims to PA Extraordinary Expense Program; unjust enrichment, money had & received RICO and in position of constructed trust.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE 05/22/2018

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; et al.
v.
Lancaster General Hospital et al.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (XX

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 5/22/2018 | Douglas J. McGill [signature] | St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; et al. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 973-739-9559 | 973-739-9575 | dmcgill@webbermcgill.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ST. LUKE'S HEALTH NETWORK, INC. d/b/a ST. LUKE'S UNIVERSITY HEALTH NETWORK et. al. 801 Ostrum Street, Bethlehem, PA 18015

Address of Defendant: LANCASTER GENERAL HOSPITAL, et al. 555 North Duke Street, Lancaster, PA 17602

Place of Accident, Incident or Transaction: ______

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. XX☐ All other Federal Question Cases
(Please specify) Racketeer Influenced and Corrupt Organizations

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Douglas J. McGill, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/22/2018 [signature] Attorney-at-Law 63706-PA Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 5/22/2018 [signature] Attorney-at-Law 63706-PA Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ST. LUKE'S HEALTH NETWORK, INC. d/b/a ST. LUKE'S UNIVERSITY HEALTH NETWORK et. al. 801 Ostrum Street, Bethlehem, PA 18015

Address of Defendant: LANCASTER GENERAL HOSPITAL, et al. 555 North Duke Street, Lancaster, PA 17602

Place of Accident, Incident or Transaction: ____________

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. XX☐ All other Federal Question Cases
(Please specify) Racketeer Influenced and Corrupt Organizations

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ____________

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Douglas J. McGill, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

XX Relief other than monetary damages is sought.

**DATE:** 5/22/2018 ____________ Attorney-at-Law 63706-PA Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 5/22/2018 ____________ Attorney-at-Law 63706-PA Attorney I.D.#